IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DELMARVA FISHERIES ASSOCIATION, INC., *et al.*, | * | |
| | * | |
| *Plaintiffs*, | * | |
| v. | * | Civil Action No. RDB-24-0688 |
| | * | |
| ATLANTIC STATES MARINE FISHERIES COMMISSION, | * | |
| | * | |
| *Defendants*. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

Plaintiffs Delmarva Fisheries Association, Inc., Maryland Charter Boat Association, Inc., Brian Nesspor, and Kenneth Jeffries, Jr. bring this constitutional challenge to the January 23, 2024 Addendum II to Amendment 7 to the Interstate Fishery Management Plan for Atlantic Striped Bass[1] by Defendant Atlantic States Marine Fisheries Commission. Plaintiffs have moved for a Preliminary Injunction preventing enforcement of the Addendum, which they allege will have drastic limitations on commercial and recreational fishing for Atlantic Striped Bass in the Chesapeake Bay and Atlantic Ocean. Among other things, the Addendum reduces the daily fishing outtake of Striped Bass for recreational fishers from two to one. The new rules are scheduled to take effect on May 1, 2024. The parties' submissions have been reviewed, and a hearing was held on April 12, 2024. For the reasons set forth on the record and those set forth below, Plaintiffs' Motion for Preliminary Injunction (ECF No. 2) was

---

[1] Also known as "rockfish."

DENIED. (ECF No. 17.)

## BACKGROUND

Plaintiff Delmarva Fisheries Association, Inc., located in Chestertown, Maryland, is a 501(c)(6)[2] fisheries trade association established to protect, defend, and enhance the commercial fishing industry in the Delmarva[3] region of the United States. (ECF No. 1 ¶ 13.) Plaintiff Maryland Charter Boats Association, Inc., located in Conowingo, Maryland, comprises approximately 400 "for hire" vessels—primarily medium-sized, family-run boats— employing around 1,500 operators and crew in the Chesapeake Bay. (*Id.* ¶ 14.) Plaintiff Brian Nesspor is a commercial fisherman residing in Rock Hall, Maryland with a Striped Bass fishing business in the Chesapeake Bay. (*Id.* ¶ 15.) Plaintiff Kenneth Jeffries, Jr. is a commercial fisherman residing in Severna Park, Maryland with a "for hire" Charter Boat fishing business for Striped Bass on the Chesapeake Bay. (*Id.* ¶ 16.)

Defendant Atlantic States Marine Fisheries Commission is a consortium of state governmental entities headquartered in Arlington, Virginia. (*Id.* ¶ 17.) The Commission is an Interstate Compact authorized by the U.S. Congress comprising fifteen member states: Maine, New Hampshire, Massachusetts, Rhode Island, Connecticut, New York, New Jersey, Pennsylvania, Delaware, Maryland, Virginia, North Carolina, South Carolina, Georgia, and Florida. Pub. L. No. 77-539, 56 Stat. 267 (1942). The Commission's purpose is to "promote the better utilization of the fisheries, marine, shell and anadromous, of the Atlantic seaboard

---

[2] The following organizations are tax exempt: "[b]usiness leagues, chambers of commerce, real-estate boards, boards of trade, or professional football leagues (whether or not administering a pension fund for football players), not organized for profit and no part of the net earnings of which inures to the benefit of any private shareholder or individual." 26 U.S.C. § 501(c)(6).
[3] The Delaware, Maryland, and Virginia peninsula.

by the development of a joint program for the promotion and protection of such fisheries, and by the prevention of the physical waste of the fisheries from any cause." *Id.* In 1981, the Commission issued its *Interstate Fisheries Management Plan for Atlantic Striped Bass of the Atlantic Coast from Maine through North Carolina*, which identified management measures to perpetuate striped bass. (ECF No. 13 at 16.)[4] The Plan has undergone several amendments, and the currently effective plan is set forth in Amendment 7, issued in 2022. (*Id.*) That Amendment has since been modified by two addenda, the most recent of which is Addendum II, which was finalized in January 2024. (*Id.*) Among other things, Addendum II reduces the commercial quota for striped bass by 7% and reduces the bag limit for charter boat fishing from two fish to one. (*Id.* at 18.)

On March 7, 2024, Plaintiffs filed this lawsuit against the Commission. (ECF No. 1.) They bring three counts alleging violation of due process under the 5th and 14th Amendments of the United States Constitution (Count I), 42 U.S.C. § 1983 (Count II), and Article 19 of the Maryland Constitution (Count III). On March 22, 2024, they moved for a preliminary injunction preventing the enforcement of Addendum II. (ECF No. 8.) This Court held a hearing on April 12, 2024 and for the reasons set forth on the record DENIED the motion. (ECF No. 17.)

**STANDARD OF REVIEW**

"The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *United States v. South Carolina*, 720 F.3d 518,

---

[4] For clarity, this Memorandum Opinion cites to the ECF generated page number, rather than the page number at the bottom of the parties' various submissions, unless otherwise indicated.

524 (4th Cir. 2013) (quoting *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981)). A preliminary injunction is an "extraordinary remed[y] involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances." *MicroStrategy Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001) (quoting *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 816 (4th Cir. 1992)). To determine whether to issue a preliminary injunction, this Court follows the test set forth by the United States Supreme Court in *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008), which requires a showing that: (1) the movant is likely to succeed on the merits; (2) the movant is likely to suffer irreparable harm absent preliminary relief; (3) the balance of equities favors the movant; and (4) an injunction is in the public interest. 555 U.S. at 20; *accord Roe v. Dep't of Def.*, 947 F.3d 207, 219 (4th Cir. 2020); *League of Women Voters of N.C. v. North Carolina*, 769 F.3d 224, 236 (4th Cir. 2014). A court cannot issue a preliminary injunction absent a "clear showing" that all four requirements are satisfied. *Leaders of a Beautiful Struggle v. Balt. Police Dep't*, 979 F.3d 219, 226 (4th Cir. 2020), *rev'd on other grounds*, 2 F.4th 330 (4th Cir. 2021) (en banc); *accord Pashby v. Delia*, 709 F.3d 307, 320 (4th Cir. 2013). The plaintiff "bears the burden of establishing that each of these factors supports granting the injunction." *Direx*, 952 F.2d at 812 (citing *Technical Publ'g Co. v. Lebhar-Friedman, Inc.*, 729 F.2d 1136, 1139 (7th Cir. 1984); *Shaffer v. Globe Protection, Inc.*, 721 F.2d 1121, 1123 (7th Cir. 1983)). Thus, a court need not address all four *Winter* factors if one or more factors is not satisfied. *Henderson ex rel. NLRB v. Bluefield Hosp. Co., LLC*, 902 F.3d 432, 439 (4th Cir. 2018).

## ANALYSIS

To determine whether a preliminary injunction is appropriate, this Court follows the test set forth by the Supreme Court in *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S.

7 (2008), which requires a showing that:

> (1) the movant is likely to succeed on the merits;
> (2) the movant is likely to suffer irreparable harm absent preliminary relief;
> (3) the balance of equities favors the movant; and
> (4) an injunction is in the public interest.

555 U.S. at 20. Plaintiffs contend that they are entitled to a preliminary injunction enjoining Addendum II. The Commission argues that Plaintiffs cannot satisfy any of the four factors, although both parties' arguments are chiefly focused on the first factor: whether Plaintiffs are likely to succeed on the merits.

As a preliminary matter, it is unclear whether Plaintiffs have Article III standing to sue in this case. "[T]o possess standing to sue under Article III of the Constitution, the Plaintiffs were obliged to sufficiently allege three elements: (1) they suffered an injury-in-fact that was concrete and particularized and either actual or imminent; (2) there was a causal connection between the injury and the defendant's conduct (i.e. traceability); and (3) the injury was likely to be redressable by a favorable judicial decision." *Hutton v. Nat'l Bd. of Exam'rs in Optometry, Inc.*, 892 F.3d 613, 618–19 (4th Cir. 2018) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). The burden of sufficiently establishing these three elements falls on the party invoking federal jurisdiction. *Lujan*, 504 U.S. at 561; *Hutton*, 892 F.3d at 619.

Plaintiffs' alleged injury does not appear to be redressable by a favorable decision in this case. The Commission does not directly regulate Plaintiffs. Rather, the Commission promulgates plans setting out fishery management measures, which are then implemented by the respective member states. Even if this Court were to enjoin Addendum II, Maryland would be under no obligation to rescind the regulations it has adopted in conformity with Addendum II. This is particularly noteworthy because Maryland declined to appeal the Commission's vote

in favor of Addendum II.[5] Moreover, even though the State of Maryland is authorized to sue the Commission to prevent enforcement of the addendum, it has not elected to do so.[6] It is therefore unlikely that enjoining the addendum will have any impact on Maryland's decision to enact regulations in conformity with the addendum. Accordingly, Plaintiffs cannot demonstrate that they are likely to succeed on the merits due to the issue of standing.

Even if Plaintiffs have standing to sue, they are still unlikely to succeed on the merits of their claims. Plaintiffs do not plausibly state a takings claim or deprivation of any other federal constitutional right, as Addendum II does not physically appropriate Plaintiffs' property, nor does it regulate their fishing vessels or gear. The posture of the addendum and the unique structure of the Commission preclude a finding that addendum constitutes a regulatory taking. Addendum II was issued after a thorough deliberative process in which the State of Maryland participated, and Plaintiffs had notice and opportunity to comment on its measures. Because the addendum is not subject to review under the Administrative Procedure Act, 5 U.S.C. § 702, Plaintiffs' allegations as to the addendum being arbitrary and capricious are inapposite. *See New York v. Atl. States Marine Fisheries Comm'n*, 609 F.3d 524, 527 (2d Cir. 2010). Neither does Section 1983 provide an avenue for Plaintiffs to challenge the addendum, as the Commission is not a "person" within the meaning of the statute, it does not act under

---

[5] "Any state that is aggrieved by an action of the management board action may appeal that action to the [Interstate Fisheries Management Program] Policy Board . . . ." Atlantic State Marine Fisheries Commission, Interstate Fisheries Management Program Charter § 4(h).

[6] "Each state is obligated to carry out the terms of the ASMFC Compact, and member states may seek judicial relief to enforce rights under the agreement." *New York v. Atl. States Marine Fisheries Comm'n*, 609 F.3d 524, 536 (2d Cir. 2010). *See also Texas v. New Mexico*, 462 U.S. 554, 569–70 (1983) ("In the absence of an explicit provision or other clear indications that a bargain to that effect was made, we shall not construe a compact to preclude a State from seeking judicial relief when the compact does not provide an equivalent method of vindicating the State's rights.").

"color of state law," and Congress did not intend to create a private remedy authorizing private parties to bring federal court actions challenging the Commission's fishery planning decisions.

Plaintiffs must satisfy all four factors of the *Winter* test to warrant the extraordinary remedy of a preliminary injunction. *Miranda v. Garland*, 34 F.4th 338, 358 (4th Cir. 2022) (quoting *Winter*, 555 U.S. at 20). Courts cannot issue a preliminary injunction absent a "clear showing" that all four requirements are satisfied. *Leaders of a Beautiful Struggle v. Balt. Police Dep't*, 979 F.3d 219, 226 (4th Cir. 2020), *rev'd on other grounds*, 2 F.4th 330 (4th Cir. 2021) (en banc). Thus, a court need not address all four *Winter* factors if one or more factors is not satisfied. *Henderson ex rel. NLRB v. Bluefield Hosp. Co., LLC*, 902 F.3d 432, 439 (4th Cir. 2018). As Plaintiffs have failed to satisfy their burden on likelihood of success on the merits, this Court need not address the remaining three parts of the preliminary injunction test.

## CONCLUSION

For the reasons stated above, and in accordance with this Court's decision from the bench on April 12, 2024 (ECF No. 18) and Order dated April 12, 2024 (ECF No. 17), Plaintiffs' Motion for Preliminary Injunction (ECF No. 8) has been DENIED.

The Clerk of Court shall file this Memorandum Opinion electronically and notify all counsel of record accordingly.

Dated: April 22, 2024

_____
/s/
Richard D. Bennett
United States Senior District Judge